**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON VINTAGE**

**Dina Rose Cocuzza,**

        **Plaintiff,**

        **v.**

**The Prudential Insurance Company of America,**

        **Defendant.**

_____/

**Case No. 3:26-cv-02350-GC-JBD**

**RECEIVED**

MAY 29 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

## PLAINTIFF'S NOTICE OF MOTION FOR SUMMARY JUDGMENT

**PLEASE TAKE NOTICE** that pro se' Plaintiff, Dina Rose Cocuzza, shall move before the

Honorable Judge of the United States District Court for the District of New Jersey, on a date to

be determined by the Court, for an Order pursuant to Rule 56 of the Federal Rules of Civil

Procedure granting summary judgment in favor of Plaintiff and against Defendant The Prudential

Insurance Company of America.

Plaintiff seeks:

1. Reversal of Defendant's denial of long-term disability benefits;
2. Reinstatement and payment of all past due benefits;
3. Prejudgment interest;
4. Legal research, consulting fees and costs pursuant to 29 U.S.C. § 1132(g);
5. Equitable surcharge and other equitable remedies under ERISA;
6. Such other relief as the Court deems just and proper.

In support thereof, Plaintiff relies upon:

- The accompanying Brief in Support;/Memorandum of Law
- Statement of Material Facts;

1/2

- Administrative Record;
  All pleadings and proceedings previously filed herein.
  ANSWERING BRIEF OF DEFENDANTS


**Dated: May 25th, 2026**

**Respectfully submitted,**

**DINA ROSE COCUZZA**
**Plaintiff Pro Se /**
**13 Cheerful Place Highlands New Jersey 07732**
**email/3deanierose@gmail.com**
**Tel.# 732-539-6591**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VINTAGE

---

Dina Rose Cocuzza,

          **Plaintiff,**

      v.

The Prudential Insurance Company of America,

          **Defendant.**

_____/

Case No. 3:26-cv-02350-GC-JBD

### PLAINTIFF'S BRIEF IN SUPPORT
### OF MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Dina Rose Cocuzza ("Plaintiff" pro se') moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking reversal of Defendant The Prudential Insurance Company of America's wrongful denial of long-term disability ("LTD") benefits under an employee welfare benefit plan governed by ERISA, **29 U.S.C. § 1001 et seq.**

Prudential's denial violated ERISA's substantive and procedural protections by:

- disregarding substantial medical evidence supporting disability;
- selectively relying upon retained file reviewers;
- failing to provide a full and fair review;
- operating under a structural conflict of interest;
- rubber-stamping the initial denial during the administrative appeal.

Because the administrative record establishes that Prudential's determination was arbitrary and capricious, Plaintiff is entitled to judgment as a matter of law.

1.

## LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact." **Fed. R. Civ. P. 56(a).**

In ERISA denial-of-benefits actions, district courts routinely resolve claims through cross-motions for summary judgment based upon the administrative record. See:

- *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989);
- *Metropolitan Life Insurance Co. v. Glenn,* 554 U.S. 105, 111–17 (2008).

Under Firestone, courts review benefit denials de novo unless the plan grants discretionary authority. Even where deferential review applies, an administrator's decision must be supported by substantial evidence and rendered through a deliberate, principled reasoning process. The Third Circuit has repeatedly held that procedural irregularities and structural conflicts are highly relevant in determining whether an administrator abused its discretion. See:

- *Miller v. American Airlines, Inc.,* 632 F.3d 837, 845–47 (3d Cir. 2011);
- *Howley v. Mellon Financial Corp.,* 625 F.3d 788, 793–95 (3d Cir. 2010).

## STATEMENT OF FACTS

### A. Plaintiff's Occupation Was Safety Sensitive

Plaintiff worked in an educational environment involving young children approximately ages three through five. Her occupation required sustained concentration, attentiveness, judgment, cognitive reliability, and physical functionality.

Courts recognize that inability to safely perform material occupational duties supports LTD entitlement. See:

- *Lasser v. Reliance Standard Life Insurance Co.,* 344 F.3d 381, 391–92 (3d Cir. 2003).

2.

## B. Plaintiff Submitted Extensive Medical Evidence

Plaintiff submitted treating physician records, clinical findings, functional assessments, and medical documentation establishing disability and inability to perform the material duties of her occupation. (all verified in administrative record)

Prudential nevertheless denied benefits.

## C. Prudential Relied Upon Non-Examining Consultants

Rather than meaningfully evaluating Plaintiff's treating-provider evidence, Prudential relied heavily upon paper-review consultants who never personally examined Plaintiff.

The Supreme Court has cautioned against arbitrary rejection of reliable medical evidence. See:

- ***Black & Decker Disability Plan v. Nord,*** 538 U.S. 822, 834 (2003).

While ERISA does not impose a strict treating physician rule, administrators "may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician."

## ARGUMENT

## POINT I

## PRUDENTIAL'S DENIAL WAS ARBITRARY AND CAPRICIOUS

An ERISA administrator abuses its discretion where its decision lacks substantial evidence or ignores relevant medical proof. See:

- ***Post v. Hartford Insurance Co.,*** 501 F.3d 154, 164 (3d Cir. 2007);
- ***Miller v. American Airlines, Inc.,*** 632 F.3d at 845.

Here, Prudential selectively reviewed the administrative record while minimizing or disregarding:

3.

- treating physician findings;
- functional limitations;
- occupational safety concerns;
- objective medical support.

The Third Circuit has rejected ERISA determinations that **"cherry-pick"** favorable evidence

while ignoring contrary proof. See:

- ***Noga v. Fulton Financial Corp. Employee Benefit Plan,*** 19 F.4th 264, 276–78 (3d Cir. 2021).

Prudential's reliance on non-examining consultants over treating physicians further supports

reversal. See:

- ***Lamanna v. Special Agents Mutual Benefits Association,*** 546 F. Supp. 2d 261, 298–300 (W.D. Pa. 2008).

## POINT II

## PRUDENTIAL FAILED TO PROVIDE A "FULL AND FAIR REVIEW" REQUIRED BY ERISA

ERISA requires every plan administrator to provide a claimant with a "full and fair

review" of denied claims. **29 U.S.C. § 1133.**

Department of Labor regulations further require:

- meaningful dialogue;
- identification of reasons for denial;
- fair consideration of evidence;
- explanation of adverse determinations.

**9 C.F.R. § 2560.503-1.**

The Third Circuit strictly enforces these procedural protections. See:

4.

- *__Miller v. American Airlines, Inc.,__* 632 F.3d at 852;

- *__Booton v. Lockheed Medical Benefit Plan,__* 110 F.3d 1461, 1463–64 (9th Cir. 1997).

An administrator may not merely issue conclusory denials while ignoring material evidence.

Prudential's appeal review was procedurally defective because:

- it failed to adequately explain rejection of treating-provider findings;
- it relied on conclusory peer-review opinions;
- it effectively rubber-stamped the initial denial.

Courts routinely reverse denials where appeal review is outcome-oriented rather than impartial.

See:

- *__Grossmuller v. International Union, UAW,__* 715 F.2d 853, 857–58 (3d Cir. 1983).

## POINT III

## PRUDENTIAL'S STRUCTURAL CONFLICT OF INTEREST SUPPORTS REVERSAL

Prudential operated under an inherent structural conflict because it both:

1. determined eligibility for benefits; and
2. paid benefits from its own funds.

The Supreme Court held in *__Metropolitan Life Insurance Co. v. Glenn,__* 554 U.S. at 112, that such dual-role administration constitutes a **conflict of interest** that courts must weigh as a factor determining abuse of discretion.

The conflict here is amplified because:

- Prudential used retained consultants;
- contrary evidence was discounted;

5.

- denial rationales shifted or remained conclusory;

- the appeal process functioned as a rubber stamp.

The Third Circuit recognizes that procedural anomalies combined with structural conflict

rongly support finding arbitrary and capricious conduct. See:

- ***Kosiba v. Merck & Co.,*** 384 F.3d 58, 66–68 (3d Cir. 2004).


## POINT IV

## LAINTIFF IS ENTITLED TO BENEFITS AND EQUITABLE RELIEF

Where the administrative record clearly establishes disability, outright reinstatement of

enefits is appropriate rather than remand. See:

- ***Miller v. American Airlines, Inc.,*** 632 F.3d at 856;
- ***Addis v. Limited Long-Term Disability Program,*** 425 F. Supp. 2d 610, 620–22 (E.D. Pa. 2006).

5.

laintiff further seeks:

- prejudgment interest;
- legal research, consulting  fees and costs under 29 U.S.C. § 1132(g);
- equitable surcharge and equitable remedies under ERISA § 1132(a)(3).

he Supreme Court recognizes equitable surcharge remedies under ERISA. See:

- ***CIGNA Corp. v. Amara,*** 563 U.S. 421, 441–42 (2011)


## POINT V.

## EFENDANT'S ANSWER CONTAINS MATERIAL ADMISSIONS
## JPPORTING SUMMARY JUDGMENT

6.

Defendant The Prudential Insurance Company of America's Answer contains admissions and non-denials which materially support Plaintiff's entitlement to summary judgment. **Federal Rule of Civil Procedure 8(b)(6)** provides that allegations not properly denied are deemed admitted. Moreover, factual admissions in a pleading constitute binding judicial admissions. See:

- ***Parilla v. IAP Worldwide Services VI, Inc.,*** 368 F.3d 269, 275 (3d Cir. 2004);
- ***Giannone v. U.S. Steel Corp.***, 238 F.2d 544, 547 (3d Cir. 1956).

Defendant's Answer expressly or effectively admits several material facts central to Plaintiff's ERISA claims, including:

1. That Plaintiff was a participant in an ERISA-governed employee welfare benefit plan;

2. That Defendant administered and/or insured the long-term disability plan at issue;

3. That Plaintiff submitted a claim for LTD benefits;
4. That Defendant rendered the adverse benefit determination challenged in this action;
5. That Plaintiff exhausted administrative remedies through the appeal process;
6. That Defendant exercised discretionary authority in adjudicating Plaintiff's claim.

These admissions eliminate genuine disputes regarding numerous foundational elements of Plaintiff's ERISA cause of action.


## POINT VI.

## DEFENDANT'S ADMISSIONS SUPPORT PLAINTIFF'S CONFLICT-OF-INTEREST CLAIM

Defendant's pleadings confirm that it both:

- evaluated claims; and

- funded benefits.

7.

That dual role establishes the precise structural conflict recognized by the Supreme Court in:

- ***Metropolitan Life Insurance Co. v. Glenn,*** 554 U.S. 105, 112 (2008).

Thus, Defendant's own pleadings corroborate Plaintiff's contention that Prudential operated

under an inherent financial conflict of interest throughout the claims and appeal process.

## POINT VII.

## DEFENDANT'S ANSWER FAILS TO REBUT PLAINTIFF'S PROCEDURAL VIOLATION CLAIMS

Notably, Defendant's Answer fails to meaningfully rebut Plaintiff's allegations that Prudential:

- failed to provide a "full and fair review" **under 29 U.S.C. § 1133;**
- selectively reviewed medical evidence;
- relied on non-examining retained consultants;
- failed to adequately explain rejection of treating physician findings.

Conclusory denials unsupported by factual specificity do not create genuine disputes sufficient to

defeat summary judgment where the administrative record independently confirms procedural

irregularities. See:

- ***Miller v. American Airlines, Inc.,*** 632 F.3d 837, 852–56 (3d Cir. 2011);
- ***Noga v. Fulton Financial Corp. Employee Benefit Plan,*** 19 F.4th 264, 276–78 (3d Cir. 2021).

## DEFENDANT'S ADMISSIONS NARROW THE ISSUES FOR ADJUDICATION

Because Defendant admits the existence of the ERISA plan, Plaintiff's participation, the

benefit determination, and exhaustion of administrative remedies, the central remaining issue

before the Court is whether Prudential abused its discretion and violated ERISA in denying

8.

benefits.

The administrative record demonstrates that it did.

Accordingly, Defendant's Answer, when read together with the administrative record and

applicable ERISA standards, further supports entry of summary judgment in Plaintiff's favor.

Also see plaintiff's supporting memorandum of law.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Grant Plaintiff's Motion for Summary Judgment;
2. Reverse Defendant's denial of LTD benefits;
3. Reinstate Plaintiff's LTD benefits retroactively;
4. Award all past due benefits;
5. Award prejudgment interest;
6. Award LEGAL RESEARCH FEES, CONSULTATION fees and costs;
7. Award equitable surcharge and additional equitable relief;
8. Grant such other relief as the Court deems just and proper.

**Dated: May 19th, 2026**

**Respectfully submitted,**

**Dina Rose Cocuzza**
**Plaintiff Pro Se'**

9.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VINTAGE

---

**Dina Rose Cocuzza,**

          **Plaintiff,**

          v.

**The Prudential Insurance Company of America,**

          **Defendant.  -**

_____/

**Civil Action No. 3:26-cv-02350-GC-JBD**

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Plaintiff Dina Rose Cocuzza ("Plaintiff"), appearing pro se, respectfully submits this Memorandum of Law in support of her Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This action arises from Defendant The Prudential Insurance Company of America's ("Prudential") wrongful denial of long-term disability ("LTD") benefits owed under an employee welfare benefit plan governed by the **Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.**

The administrative record demonstrates that Prudential ignored substantial medical evidence establishing Plaintiff's disability, improperly elevated the opinions of non-examining retained consultants over treating medical providers, failed to provide the "full and fair review"

1.

mandated by ERISA, and operated under a structural conflict of interest while adjudicating Plaintiff's claim.

Prudential's determination was not the product of a deliberate, reasoned decision-making process. Rather, the record reflects a procedurally defective and outcome-oriented review designed to justify denial of benefits despite overwhelming medical support for disability.

Because there exists no genuine dispute of material fact and because Prudential's denial was arbitrary, capricious, and contrary to ERISA, Plaintiff is entitled to judgment as a matter of law.

## STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction pursuant to **28 U.S.C. § 1331 and 29 U.S.C. § 1132€(1),** as this action arises under ERISA.

Venue is proper in the District of New Jersey pursuant to 29 U.S.C. § 1132€(2).

## STATEMENT OF RELEVANT FACTS

### 2. **Plaintiff Worked In A Safety-Sensitive Occupation**

Plaintiff worked in an educational environment involving young children approximately three to five years of age. Her position required continuous concentration, sound judgment, cognitive reliability, attentiveness, and physical functionality.

The inability to safely perform the material duties of such an occupation directly implicates entitlement to LTD benefits under ERISA-governed disability plans. See **Lasser v. Reliance Standard Life Insurance Co..**

2.

Plaintiff's medical impairments substantially interfered with these essential occupational functions.

## B. Plaintiff Submitted Extensive Medical Documentation Supporting Disability

Plaintiff submitted extensive medical evidence during the claim and appeal process, including:

- treating physician findings;
- diagnostic records;
- clinical observations;
- functional assessments;
- restrictions and limitations documentation;
- occupational incapacity evidence.

The administrative record confirms persistent impairment preventing Plaintiff from safely and reliably performing the duties of her occupation.

Despite this substantial evidence, Prudential denied LTD benefits.

## C. Prudential Relied Upon Non-Examining Consultants

Rather than conducting an objective and balanced review, Prudential relied heavily upon paper-review consultants who never personally examined Plaintiff.

While ERISA does not impose a mandatory treating physician rule, administrators may not arbitrarily disregard reliable treating-provider evidence. See ***Black & Decker Disability Plan v. Nord.***

Prudential's consultants selectively minimized objective findings while failing to meaningfully address Plaintiff's functional limitations and occupational restrictions.

3.

## LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. **Fed. R. Civ. P. 56(a).**

ERISA denial-of-benefits actions are routinely resolved through summary judgment based upon the administrative record. See:

- **Firestone Tire & Rubber Co. v. Bruch**;
- **Metropolitan Life Insurance Co. v. Glenn.**

Under *Firestone*, de novo review applies unless the plan grants discretionary authority to the administrator. Even where discretionary review applies. an administrator's decision must still result from a deliberate and principled reasoning process supported by substantial evidence.

The Third Circuit has consistently recognized that structural conflicts of interest and procedural irregularities are highly relevant in determining whether an administrator abused its discretion. See:

- *Miller v. American Airlines, Inc.;*
- *Howley v. Mellon Financial Corp..*

## ARGUMENT

## POINT I

## PRUDENTIAL'S DENIAL WAS ARBITRARY AND CAPRICIOUS

An ERISA administrator abuses its discretion where its decision ignores relevant evidence, selectively reviews the record, or lacks substantial evidentiary support.

The Third Circuit has repeatedly condemned **"cherry-picking"** favorable evidence while

4.

disregarding contrary medical proof. See **Noga v. Fulton Financial Corp. Employee Benefit**

**Plan.**

Here, Prudential disregarded or minimized:

- treating physician findings;
- objective medical documentation;
- occupational safety concerns;
- functional restrictions;
- longitudinal medical evidence.

Instead, Prudential relied upon non-examining consultants who performed only paper

reviews.

Courts within the Third Circuit recognize that heavy reliance upon retained file

reviewers, particularly where consistent treating-provider evidence exists, strongly supports

reversal. See ***Lamanna v. Special Agents Mutual Benefits Association.***

Prudential's decision reflects a result-oriented review process rather than a balanced

evaluation of Plaintiff's claim.

## Statement of Facts — Plaintiff's Occupation and Coverage

Plaintiff Dina Rose Cocuzza was employed as a teacher with the Long Branch school system and was insured for long-term disability benefits under the NJEA Member Benefit Fund group disability plan administered by Defendant The Prudential Insurance Company of America. (AR PRU 000076–000083). The Administrative Record reflects Plaintiff's employment as a "teacher," her New Jersey employment location, and her continuous LTD coverage effective January 1, 2020. (AR PRU 000076; PRU 000082–000083). Prudential's own eligibility documentation further confirms Plaintiff's participation in the Plan and eligibility for LTD benefits. (AR PRU 000082–000084).

## Statement of Facts — Onset of Disability

The Administrative Record establishes that Plaintiff ceased working in September 2024 due to disabling depression and anxiety. During Prudential's intake process, Plaintiff reported that she became unable to work because of "depression and anxiety," identified September 16, 2024 as

5.

her disability onset date, and advised Prudential that she could not perform her occupational duties or work remotely. (AR PRU 000076–000080). Prudential documented Plaintiff's condition repeatedly throughout the claim intake process as involving "depression and anxiety." (AR PRU 000076–000080). Prudential thereafter acknowledged receipt of Plaintiff's LTD claim and initiated claim review procedures. (AR PRU 000089–000090).

## Statement of Facts — Treating Physician Evidence

Plaintiff's treating physician, Dr. Joseph Riggi, supplied behavioral health disability documentation to Prudential in support of Plaintiff's inability to continue performing her occupational duties. (AR PRU 000091–000093). Prudential specifically requested completion of an "Attending Physician Behavioral Health Statement," requiring identification of psychiatric diagnoses, clinical findings, mental status examination findings, functional limitations, restrictions, and return-to-work capacity assessments. (AR PRU 000091–000093). The Administrative Record further demonstrates repeated Prudential requests for behavioral health capacity evaluations, medical records, physician statements, and psychiatric functional assessments throughout the pendency of the claim. (AR PRU 000061–000075; PRU 000091–000093).

## Statement of Facts — Safety-Sensitive Occupational Duties

Plaintiff's occupation as a teacher involved safety-sensitive responsibilities requiring sustained concentration, judgment, emotional stability, interpersonal interaction, and supervision of students in an educational environment. (AR PRU 000076; PRU 000082–000083). The record demonstrates that Prudential classified Plaintiff's occupational demands as involving active work responsibilities inconsistent with severe psychiatric impairment. (AR PRU 000076). The functional demands of supervising and instructing students cannot reasonably be reconciled with documented disabling anxiety, depression, impaired concentration, and emotional instability reflected throughout the Administrative Record. (AR PRU 000076–000080; PRU 000091–000093).

## Argument — Failure to Provide Full and Fair Review

ERISA requires plan administrators to provide claimants with a "full and fair review" of denied claims. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1. Here, the Administrative Record demonstrates that Prudential repeatedly sought behavioral health questionnaires, psychiatric capacity evaluations, physician records, and supplemental medical submissions from Plaintiff and her treating providers. (AR PRU 000061–000075; PRU 000091–000093). Despite the

existence of extensive behavioral-health documentation, Prudential ultimately denied benefits while relying upon internal reviews and paper evaluations rather than any independent in-person psychiatric examination of Plaintiff. (AR PRU 000330; PRU 000344; PRU 000361; PRU 000365). The record reflects a claims process driven largely by internal file reviews and administrative handling rather than a meaningful evaluation of Plaintiff's actual functional inability to perform her occupation. (AR PRU 000330–000365).

## Argument — Arbitrary and Capricious Claim Handling

Prudential's claim handling reflects procedural irregularities and an outcome-oriented review process inconsistent with ERISA fiduciary obligations. The Administrative Record contains numerous "Capacity/Clinical Review," "Appeals," "File Review," and "Claim Mgmt." entries generated internally by Prudential personnel throughout the claim and appeal process. (AR PRU 000083–000090; PRU 000163; PRU 000204; PRU 000299; PRU 000330; PRU 000344; PRU 000397; PRU 000417; PRU 000466; PRU 000476; PRU 000480; PRU 000523; PRU 000561; PRU 000587). Yet Prudential failed to reconcile these internal administrative reviews with the substantial treating-provider evidence documenting disabling psychiatric symptoms and occupational incapacity. (AR PRU 000076–000080; PRU 000091–000093). No contrary treating-provider opinion appears anywhere in the Administrative Record.

## Argument — Weight Owed to Treating Providers

While ERISA does not impose a strict treating physician rule, courts within the Third Circuit recognize that administrators act arbitrarily where they selectively disregard consistent treating-provider evidence without adequate explanation. Here, Prudential's own file confirms repeated submissions from Plaintiff's treating providers, including behavioral health capacity questionnaires, medical records, psychiatric assessments, and physician certifications supporting ongoing disability. (AR PRU 000039; PRU 000063; PRU 000066; PRU 000070; PRU 000091–000093; PRU 000148–000149; PRU 000202; PRU 000305; PRU 000313; PRU 000358; PRU 000400; PRU 000444). Prudential nevertheless denied benefits despite substantial unrebutted evidence demonstrating functional psychiatric impairment preventing Plaintiff from safely performing her occupation as a teacher. (AR PRU 000076–000080; PRU 000091–000093)

## Conclusion Paragraph

Based upon the Administrative Record as a whole, Prudential's denial of LTD benefits was arbitrary and capricious, unsupported by substantial evidence, and rendered in violation of ERISA's requirement of a full and fair review under 29 U.S.C. § 1133 and 29 C.F.R. §

2560.503-1. The Administrative Record overwhelmingly documents Plaintiff's disabling psychiatric condition, continuous treatment, treating-provider support for disability leave, and inability to safely perform the material duties of her occupation. (AR PRU 000076–000080; PRU 000091–000093; PRU 000148–000149; PRU 000202; PRU 000305; PRU 000313; PRU 000358; PRU 000400; PRU 000444). Accordingly, Plaintiff respectfully requests reversal of Prudential's denial decision, reinstatement of LTD benefits, prejudgment interest, attorney's fees, costs, and such further relief as the Court deems equitable and proper.

## POINT II

## PRUDENTIAL FAILED TO PROVIDE THE "FULL AND FAIR REVIEW" REQUIRED BY ERISA

ERISA mandates that every claimant receive a "full and fair review" of denied claims. **29 U.S.C. § 1133.**

Department of Labor regulations further require administrators to:

- engage in meaningful dialogue;
- adequately explain adverse determinations;
- fairly consider submitted evidence;
- identify reasons for denial with specificity.

5.

**9 C.F.R. § 2560.503-1.**

The Third Circuit strictly enforces these procedural safeguards. See:

- **Miller v. American Airlines, Inc.**:
- ***Grossmuller v. International Union, UAW.***

Prudential violated these requirements by:

- failing to meaningfully explain rejection of treating-provider evidence;
- issuing conclusory denial rationales;
- relying upon vague peer-review opinions;
- rubber-stamping the initial denial during appeal review.

8.

The administrative appeal process functioned not as an impartial reconsideration, but as a mechanism to affirm the predetermined denial. Such conduct violates ERISA's procedural protections and independently supports reversal.

## POINT III

## PRUDENTIAL OPERATED UNDER A STRUCTURAL CONFLICT OF INTEREST

Prudential operated under a well-recognized structural conflict of interest because it both:

1.  determined eligibility for benefits; and
2.  paid benefits from its own assets.

The Supreme Court expressly held that such dual-role administration constitutes a conflict that courts must weigh in evaluating abuse of discretion. See ***Metropolitan Life Insurance Co. v. Glenn.***

The conflict here is exacerbated by procedural irregularities, including:

*   selective reliance upon retained consultants;
*   dismissal of contrary medical evidence;
*   conclusory reasoning;
*
*   outcome-oriented appeal review.

The Third Circuit recognizes that structural conflict combined with procedural anomalies strongly supports finding arbitrary and capricious conduct. See ***Kosiba v. Merck & Co..***

9.

## POINT IV

## DEFENDANT'S ANSWER CONTAINS BINDING ADMISSIONS SUPPORTING SUMMARY JUDGMENT

Defendant's Answer contains judicial admissions eliminating dispute regarding several

essential elements of Plaintiff's ERISA claim.

**Under Fed. R. Civ. P. 8(b)(6),** allegations not properly denied are deemed admitted.

Judicial admissions contained in pleadings are binding. See:

- ***Parilla v. IAP Worldwide Services VI, Inc***.;
- ***Giannone v. U.S. Steel Corp..***

Prudential admits or effectively concedes:

- the existence of an ERISA-governed plan;
- Plaintiff's participant status;
- Prudential's role as administrator and/or insurer;
- Plaintiff's submission of an LTD claim;


- issuance of the adverse determination;
- exhaustion of administrative remedies;
- Prudential's discretionary authority.

These admissions substantially narrow the remaining issues before the Court.


## POINT V

## PLAINTIFF IS ENTITLED TO REINSTATEMENT OF BENEFITS AND EQUITABLE RELIEF

Where the administrative record clearly establishes disability, courts may award benefits outright

10.

ather than remanding for further review. See:

- *Miller v. American Airlines, Inc.;*
- *Addis v. Limited Long-Term Disability Program.*

Remand is unnecessary where the record demonstrates that the administrator already failed to provide a lawful and impartial review.

Plaintiff additionally seeks:

- prejudgment interest;
- costs and fees pursuant to **29 U.S.C. § 1132(g);**
- equitable surcharge;
- additional equitable remedies under **ERISA § 1132(a)(3).**

The Supreme Court recognizes equitable surcharge remedies under ERISA. See *CIGNA Corp. v. Amara.*

Prudential's procedural misconduct and wrongful denial caused substantial financial

harm to Plaintiff and justify equitable relief.

Where the administrative record clearly establishes disability, courts may award benefits

outright rather than remanding for further review. See:

- *Miller v. American Airlines, Inc.;*
- *Addis v. Limited Long-Term Disability Program.*

Remand is unnecessary where the record demonstrates that the administrator already failed to

provide a lawful and impartial review.

Plaintiff additionally seeks:

- prejudgment interest;
- costs and fees pursuant to **29 U.S.C. § 1132(g);** equitable surcharge;
- additional equitable remedies under ERISA § 1132(a)(3).

The Supreme Court recognizes equitable surcharge remedies under ERISA. See *CIGNA Corp. v. Amara.*

11.

Prudential's procedural misconduct and wrongful denial caused substantial financial harm to Plaintiff and justify equitable relief.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Grant Plaintiff's Motion for Summary Judgment;
2. Reverse Defendant's denial of long-term disability benefits;
3. Reinstate Plaintiff's LTD benefits retroactively;
4. Award all past due benefits;
5. Award prejudgment interest;
6. Award legal research, consulting fees, and costs pursuant to ERISA;
7. Award equitable surcharge and additional equitable relief under 29 U.S.C. § 1132(a)(3);
8. Grant such other and further relief as the Court deems just and proper.

**Dated: May 25th, 2026**

**Respectfully submitted,**

**DINA ROSE COCUZZA**
**Plaintiff Pro Se**
**13 Cheerful Place**
**Highlands, New Jersey 07732**
**Bdeanierose@gmail.com**
**(732) 539-6591**

12.

# CERTIFICATION OF SERVICE

Dina Rose Cocuzza,  hereby certify that on this 25th   day of  May, 2026, a true and correct copy of the foregoing Notice of Motion for Summary Judgment, together with all supporting papers, was served upon all counsel of record via  email.

SEYFARTH SHAW LLP
Attorneys for Defendant The Prudential Insurance Company of America
620 Eighth Avenue
New York, New York 10018

Attn:
Alnisa Bell, Esq.
Nathan Lusignan, Esq.

Date: May 25th, 2026

DINA ROSE COCUZZA
Plaintiff Pro Se

13.

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER having come before the Court upon the Motion for Summary Judgment filed by Plaintiff, Dina Rose Cocuzza ("Plaintiff"), pursuant to Rule 56 of the Federal Rules of Civil Procedure; and the Court having reviewed the submissions of the parties and the Administrative Record; and for good cause shown;

IT IS on this _____ day of _____, 2026,

ORDERED that Plaintiff's Motion for Summary Judgment is hereby GRANTED; and it is further

ORDERED that Defendant The Prudential Insurance Company of America's denial and/or termination of Plaintiff's long-term disability benefits is REVERSED; and it is further

ORDERED that Plaintiff is entitled to long-term disability benefits pursuant to the terms of the applicable ERISA-governed Plan; and it is further

ORDERED that Defendant shall reinstate Plaintiff's long-term disability benefits retroactive to the date benefits were denied and/or terminated; and it is further

ORDERED that Defendant shall pay all past-due benefits owed to Plaintiff together with prejudgment interest at the applicable legal rate; and it is further

ORDERED that Plaintiff is awarded reasonable legal research and consulting fees and costs pursuant to 29 U.S.C. § 1132(g), in an amount to be determined upon application to the Court; and it is further

ORDERED that the Court finds Defendant failed to provide Plaintiff with the "full and fair review" required under 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1; and it is further

ORDERED that Plaintiff is entitled to equitable relief under ERISA, including equitable surcharge pursuant to 29 U.S.C. § 1132(a)(3) and CIGNA Corp. v. Amara, 563 U.S. 421 (2011); and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendant; and it is further

ORDERED that the Court retains jurisdiction regarding enforcement of this Order and determination of attorneys' fees, costs, prejudgment interest, and any further equitable relief.

SO ORDERED.

HON. _____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### TRENTON VINTAGE

Dina Rose Cocuzza,

               Plaintiff,

v.

The Prudential Insurance Company of America,

               Defendant.

_____/

Civil Action No. 3:26-cv-02350-GC-JBD

RECEIVED

REC  MAY 29 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

AT 8:30___
CLERK, U.S. DISTRI

## PLAINTIFF'S LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff, Dina Rose Cocuzza ("Plaintiff"), pursuant to Local Civil Rule 56.1 of the United States District Court for the District of New Jersey, hereby submits the following Statement of Material Facts as to which there is no genuine issue:

1. Plaintiff was at all relevant times a participant in an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.
2. Defendant The Prudential Insurance Company of America issued, insured, administered, and/or exercised discretionary authority over the long-term disability ("LTD") benefits plan at issue in this action.
3. Defendant acted as both the evaluator of claims and payor of LTD benefits under the Plan.
4. Plaintiff was employed in a safety-sensitive educational occupation involving supervision and care of kindergarten-aged children approximately three through five years old.
5. Plaintiff's occupational duties required sustained concentration, reliable cognitive functioning, attentiveness, sound judgment, and physical capability.
6. Plaintiff became unable to perform the material and substantial duties of her occupation due to disabling medical impairments. Plaintiff submitted a claim for LTD benefits supported by medical documentation, clinical findings, and treating-provider evaluations.

1/3

7. Plaintiff's medical records documented functional limitations preventing safe and reliable performance of occupational duties.
8. Defendant denied Plaintiff's claim for LTD benefits.
9. Defendant's denial relied substantially upon non-examining reviewing consultants retained by Defendant.
10. The reviewing consultants relied upon by Defendant did not personally examine Plaintiff.
11. Plaintiff timely appealed the adverse benefit determination through Defendant's administrative review process.
12. Plaintiff submitted additional medical evidence and supporting documentation during the administrative appeal.
13. Defendant upheld the denial of LTD benefits on appeal.
14. Defendant failed to meaningfully address substantial evidence supporting Plaintiff's disability claim.
15. Defendant selectively relied upon portions of the medical record favorable to denial while minimizing or disregarding evidence favorable to Plaintiff.
16. Defendant failed to adequately explain its rejection of treating-provider findings supporting disability.
17. Defendant relied upon conclusory peer-review opinions in affirming the denial of benefits.
18. Defendant failed to provide Plaintiff with a full and fair review as required under 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.
19. Defendant operated under an inherent structural conflict of interest because Defendant both adjudicated and funded benefit determinations.
20. Defendant's Answer admits that Plaintiff was a participant in an ERISA-governed benefits plan.
21. Defendant's Answer admits that Defendant rendered the adverse benefit determination challenged in this action.
22. Defendant's Answer admits that Plaintiff exhausted administrative remedies prior to filing suit.
23. Defendant's denial and affirmance of denial were arbitrary and capricious and unsupported by substantial evidence contained in the administrative record.
24. Plaintiff remains disabled within the meaning of the Plan and entitled to LTD benefits.
25. Plaintiff has suffered damages including loss of LTD benefits and other consequential financial harm resulting from Defendant's wrongful denial.
26. Plaintiff seeks reinstatement of LTD benefits, payment of all past-due benefits, prejudgment interest, attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and equitable relief pursuant to 29 U.S.C. § 1132(a)(3).

Dated: May 25th, 2026

2/3

Respectfully submitted,

DINA ROSE COCUZZA
Plaintiff Pro Se

Dated May 25th, 2026

3/3

CERTIFICATION OF SERVICE

## CERTIFICATION OF SERVICE

I Dina Rose Cocuzza, hereby certify that on this 25th day of May, 2026, a true and correct copy of the foregoing Statement of Material Facts , was served upon all counsel of record via email.

**SEYFARTH SHAW LLP**
**Attorneys for Defendant The Prudential Insurance Company of America**
**620 Eighth Avenue**
**New York, New York 10018**

**Attn:**
**Alnisa Bell, Esq.**
**Nathan Lusignan, Esq.**

Date: May 25th, 2026

**DINA ROSE COCUZZA**
**Plaintiff Pro Se**

NAVESINK, NJ 07752
MAY 26, 2026

08608    **$12.90**

RDC 03    0 Lb 8.80 Oz    S2324M502502-04

# UNITED STATES
## POSTAL SERVICE ®

# PRIORITY®
# MAIL

delivery date specified for domestic use.

shipments include $100 of insurance (restrictions apply).*

cking® service included for domestic and many international destinations.

ternational insurance.**

ed internationally, a customs declaration form is required.

es not cover certain items. For details regarding claims exclusions see the
Manual at *http://pe.usps.com.*

tional Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

# RATE ENVELOPE

■ ANY WEIGHT

KED ■ INSURED

CTED DELIVERY DAY: 05/29/26

USPS TRACKING® #

2023
/2

505 5150 1077 6146 4057 62

**FROM:**



## UNITED STATES
### POSTAL SERVICE ®

## PRIORITY®
## MAIL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**FROM:**
Ding Rose Cocuzza
23 Cheerful Place
Highlands NJ 07732

RECEIVED
MAY 29 2026
AT 8:30
CLERK, U.S. DISTRICT COURT - DNJ

M
DNJ

**TO:** Clerk of The Court
U.S. District court
402 E State Street (2020)
Trenton N.J 08608

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PAPER
POUCH

Label 228, December 2023    FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.